Casey, Ch. J.,
delivered the opinion of the court:
On the 2d day of June, 1868, the claimant preferred his petition to this court, praying that he may be awarded the net proceeds of ten bales of sea-island cotton. He alleges that this cotton was seized by the military after the occupation of Charleston by the Union forces, and was shipped to New York to the Treasury agent and was sold and the net proceeds were paid into the Treasury of the United States. He alleges his ownership, his right to the proceeds, and avers his loyalty to the United States, and asks a judgment in his favor for the net proceeds of his cotton, amounting to the sum of $2,376 40.
The special counsel for the United States resists a recovery:
1st. On the ground that it is not shown by sufficient evidence that the proceeds came to the Treasury of the United States.
2d. That the proof of loyalty is defective in not negativing the fact that he ever gave aid and comfort to “persons engaged in rebellion.”
3d. That the claim was not preferred to this court within two years after the suppression of the rebellion, and therefore is barred by the limitation in third section Act of March 12, 1863.
*480 The special counsel for tbe United States also moved to strike out and suppress tbe depositions of claimant and bis wife. This motion was granted and tbe depositions were accordmgly suppressed.
We tbink tbe proof of ownership of tbis cotton quite sufficient. It bad been in claimant’s possession for more than two years before its capture, and stored in tbe bouse in wbicb be lived. Tbis possession for so long a time under a claim of right, bis ownership being unchallenged, is evidence of title. Uncontradicted as it is, it is conclusive.
Tbe claimant proves by those who know him, that both in word and deed be adhered consistently to tbe United States during tbe rebellion. He also shows that be refused to enter tbe Confederate service, and that in consequence be suffered a long imprisonment. There is no evidence that be ever did any act or made any declaration inconsistent with bis character as a loyal man. We, therefore, in accordance with tbe principles applied, and more folly stated and explained, in tbe opinion of Henry Grossmeyer, tbink tkio evidence brings him within tbe conditions prescribed by tbe acts of Congress on tbis subject.
We find tbe net proceeds paid into tbe Treasury in tbis ease to amount to $2,376 40.
It is, therefore, to wit, tbis 14th February, 1869, considered and adjudged by tbe court here, that tbe said O. B. G-eilfoss, tbe claimant, do have and recover of and from tbe United States tbe sum of two thousand three hundred and seventy-six dollars and forty cents.